JS 44 (Rev. 08/16)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Jeffrey Liedke & Jessica Liedke

## DEFENDANTS
Direct TV, Inc., Mastec Inc. t/a d/b/a Mastec Advanced Technologies
John Doe Installer

**(b)** County of Residence of First Listed Plaintiff: **Carbon County**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Ralph J. Bellafatto, Esquire; 610-923-9200
4480 William Penn Highway, Easton, PA. 18045

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | | | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. Section 1332
Brief description of cause:
Negligence/fall from ladder

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $ Excess arbitration limits
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: _____
DOCKET NUMBER: _____

DATE: 02/24/2017
SIGNATURE OF ATTORNEY OF RECORD: s/Ralph J. Bellafatto, Esquire

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PLAINTIFFS: | : | NO. |
| JEFFREY LIEDKE | : | |
| JESSICA LIEDKE | : | JURY TRIAL DEMANDED |
| | : | |
| vs. | : | |
| | : | |
| DEFENDANTS: | : | |
| DIRECTV, INC., | : | |
| MASTEC, INC., t/a, d/b/a | : | |
| MASTEC ADVANCED TECHNOLOGIES,: | | |
| JOHN DOE INSTALLER | : | |

COMPLAINT

I. PARTIES

1. Plaintiffs Jeffrey Liedke and Jessica Liedke are adult individuals, husband and wife, residing at 69 Pope Lane, Carbon County, Albrightsville, PA.

2. Defendant DIRECTV, Inc. ("Direct TV") is a business corporation doing business and registered to do business in Pennsylvania with a corporation business address c/o Corporation Service Co., 2595 Interstate Drive, Harrisburg, Dauphin County, PA. 17110.

3. Defendant MasTec Inc., t/a, d/b/a MasTec Advanced Technologies ("MasTec"), is a business corporation doing business in the Commonwealth of Pennsylvania, with corporate offices located at 6446 S. Kenton Street, Suite 100, Centennial, CO 80111. MasTec is registered to do business in Pennsylvania and maintains a registered address at 252 Ferndale Lane, Downington, PA. 19335. At all times material hereto, Mastec was Direct TV's third party

installer for satellite television services, and its agent for the purposes of conduct which is the subject of this Complaint.

4. Defendant John Doe, is an as yet unidentified adult individual, and upon information and belief, at all times material hereto, was employed by MasTec to install Direct TV equipment, including specifically the installation at Plaintiffs' residence which is the subject of this Complaint. At all times hereto, John Doe was acting as the agent, servant, employee and/or joint venturer of both corporate Defendants and acted with their permission, and within the course and scope of his employment or agency, such that Direct TV and MasTec are vicariously liable for John Doe's negligence.

## II. JURISDICTION

5. The jurisdiction of this Honorable Court is involved, pursuant to 28 U.S.C. Section 1332, diversity of citizenship in a case where the amount in controversy is in excess of $75,000.00.

## III. VENUE

6. This claim is properly venued in the Middle District of Pennsylvania in that all of the Plaintiffs and Defendants in this action reside and transact business within the Middle District of Pennsylvania, and all actions which are the subject of this Complaint occurred within the Middle District of Pennsylvania.

## IV. FACTS

7. On or about January 25, 2016, Plaintiff, Jeffrey Liedke had made arrangements with Direct TV to install a newly purchased Direct TV satellite cable at his residence at 69 Pope Lane, Albrightsville, Carbon County, Pennsylvania

8. Thereafter John Doe arrived at Plaintiffs' residence to hook up six televisions and a

digital video recorder. John Doe arrived right around noon and proceeded to inspect the property for the most appropriate dish location to ensure a clear signal. After canvassing the property, John Doe advised that he could find "no clear line of sight" and told Liedke that he had three options; (1) call a supervisor to come to the property for a second opinion; (2) call a tree service; or (3) "we can cut down two branches off of a tree and you'll have TV today" with a clearly expressed recommendation and preference for the third option.

9. The installer asked Jeffery Liedke if he had a ladder and a chainsaw, which he did, and after retrieving the ladder from the garage, the two proceeded to the tree with the problem branches. The installer set the ladder against the tree, stomped it down into the ground and told Liedke that he would hold the ladder while Liedke climbed.

10. As he started up the ladder Liedke confirmed "hold the ladder", to which the installer responded "I got it" as he handed the chainsaw to Liedke. Liedke climbed up approximately 15 feet and cut the first branch without incident, which fell to the ground.

11. As Liedke began cutting the second branch, the ladder shook and started tilting to the side because John Doe had abandoned holding the ladder and instead was dragging the first branch away, and in the process dragged it against the bottom of the ladder causing it to become unstable, lean and then fall, and along with it, Liedke.

12. Liedke fell to the ground feet first, sustaining serious bodily injury, including a fracture of the calcaneus bones in his left heel as more fully set forth below.

13. John Doe then hurriedly left the scene, without even summoning assistance to help Liedke who was still laying in the snow on the ground unable to get up.

<u>COUNT I</u>

<u>JEFFREY LIEDKE AND JESSICA LIEDKE</u>

vs.

<u>DIRECT TV, INC., MASTEC INC. t/a, d/b/a MASTEC ADVANCED TECHNOLOGIES, AND JOHN DOE</u>

<u>NEGLIGENCE/VICARIOUS LIABILITY</u>

14. Plaintiffs hereby incorporate by reference, paragraphs 1 through 13 as though the same were set forth herein at length.

15. Plaintiffs aver that the subject fall and the subsequent injury was caused as a direct and proximate result of Defendants', negligence. Defendants' negligence includes:

   a. Failing to hold the ladder in a safe manner;

   b. Failing to maintain proper and adequate control of the ladder;

   c. Recommending the tree trimming;

   d. Failing to warn Plaintiff that he was going to abandon holding the ladder;

   e. Abandoning the ladder while Plaintiff was on it;

   f. Dragging the cut branch into the base of the ladder causing it to become unstable and fall;

   g. Deviating from safety procedures recommended and mandated by his employers;

   h. Failing to adequate stabilize the ladder or otherwise setting the ladder improperly;

   I. Abandoning Plaintiff who was injured;

   j. Otherwise causing the ladder to fall, causing Plaintiff's injuries;

16. At all times material hereto, Plaintiff, Jeffrey Liedke, acted with due care and did

not contribute to the occurrence of the incident in any way.

17. As a direct and proximate result of Defendants' negligence and the subsequent fall, Jeffrey Liedke, sustained various and sundry medical injuries, some or all of which may be permanent, including injuries to his foot, in the nature of a comminuted and displaced intra-articular calcaneal fracture with displacement of the fragments and depression of the posterior subtalar joint, requiring surgery.

18. As a direct and proximate result of Defendants' negligence and the subsequent fall, Plaintiff, Jeffrey Liedkle, sustained expenses for medical treatment, to his pecuniary detriment and loss.

19. As a direct and proximate result of Defendants' negligence and the subsequent fall, Plaintiff, Jeffrey Liedke, has sustained great bodily pain and suffering as well as inconvenience, emotional distress, and nervousness, to his pecuniary detriment and loss.

20. As a direct and proximate result of Defendants' negligence and the subsequent fall, Plaintiff, Jeffrey Liedke, has suffered interruption, interference, and impediments in engaging in his daily habits and pursuits, and has sustained a loss of life's pleasures to his pecuniary detriment and loss.

21. As a direct and proximate result of Defendants' negligence and the subsequent fall, Plaintiff, Jeffrey Liedke, has suffered work loss and/or loss of earning capacity.

22. Some or all of Plaintiff's damages are continuing and/or may be permanent.

WHEREFORE, Plaintiff, Jeffrey Liedke, demands judgment against Defendants in an amount in excess of arbitration limits, together with an award of costs and whatever additional relief the court deems appropriate.

<u>COUNT II</u>

<u>JESSICA LIEDKE</u>

vs.

<u>DIRECT TV, INC., MASTEC INC t/a, d/b/a MASTEC ADVANCED TECHNOLOGIES, AND JOHN DOE, INSTALLER</u>

<u>LOSS OF CONSORTIUM</u>

23. Plaintiffs incorporate herein by reference paragraphs 1 through 22 as though the same were set forth herein at length.

24. As a direct and proximate result of Defendants' negligence and the subsequent fall, Plaintiff, Jessica Liedke has been deprived of the society, companionship, and assistance of her husband, Jeffrey Liedke, and has sustained a loss of consortium to her pecuniary detriment.

25. Some or all of Plaintiff, Jessica Liedkle's damages are continuing and/or may be permanent.

WHEREFORE, Plaintiff, Jessica Liedke, demands judgment against Defendants in an amount in excess of arbitration limits, together with an award of costs and whatever additional relief the court deems appropriate.

RALPH J. BELLAFATTO, P.C.

BY  s/ Ralph J. Bellafatto
     Ralph J. Bellafatto, #43988
     ralph@bellafatto.com
     4480 William Penn Highway
     Easton, Pa. 18045
     610-923-9200

## VERIFICATION

Jeffrey Liedke, being duly sworn according to law, deposes and says that he is Plaintiff herein, and that the facts set forth in the foregoing Complaint are based upon information which he has furnished to his counsel and information which has been gathered by his counsel in the preparation of this Complaint. The language of the foregoing Complaint is that of counsel and not of the undersigned himself. The undersigned has read the foregoing Complaint, and, to the extent that it is based upon information which has been given to his counsel, that information is true and correct to the best of his knowledge, information and belief. To the extent that the content of the foregoing Complaint is that of counsel, the undersigned has relied upon counsel in making this affidavit. The undersigned understands that the statements therein are made subject to the penalties of 18 Pa. C. S. Section 4904 relating to unsworn falsification to authorities.

_____
Jeffrey Liedke

Dated: 2/23/17